IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY L. LEONARD, *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-3019 |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This mortgage foreclosure dispute is before the Court on Plaintiffs' Motion for Leave to File Their First Amended Answer and Affirmative Defenses [to Defendants' Counterclaims] [Doc. # 16], to which Defendants filed a Response [Doc. # 19]. Also pending is Plaintiffs' Motion for Leave to File Their First Amended Complaint [Doc. # 18], to which Defendants filed a Response [Doc. # 20]. Plaintiffs did not file a reply in support of either Motion. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **denies** Plaintiffs' Motions to Amend.

Plaintiffs filed this lawsuit seeking a declaratory judgment that Defendants are precluded from foreclosing on the Deed of Trust securing a Promissory Note on Plaintiffs' property. This is the third lawsuit Plaintiffs have filed seeking to avoid

foreclosure.  The first lawsuit, filed in state court in December 2009, was non-suited by Plaintiffs.  The second lawsuit, filed in state court in November 2010 and removed to federal court, was dismissed without prejudice based on Plaintiffs' failure to appear for two conferences as ordered by the Court.  *See* Order of Dismissal in Civil Action No. H-10-5085, Ex. F to Response [Doc. # 19].  The currently-pending lawsuit, Plaintiffs' third, was filed in state court in September 2013 and was removed timely to federal court.

During a pretrial and scheduling conference on January 6, 2014, the Court discussed with Plaintiff Gary Leonard[1] and with defense counsel the appropriate deadlines to include in the Court's Docket Control Order.  Following that discussion and with the agreement of Leonard and defense counsel, the Court entered a Docket Control Order [Doc. # 14] establishing February 24, 2014, as the deadline for joinder of new parties and for amendments to pleadings.  The Docket Control Order provided further that answers could be amended within 21 days after the February 24, 2014 deadline.

On March 22, 2014, after the expiration of the amendment deadlines in the Docket Control Order, Plaintiffs moved to amend their answer and affirmative

---

[1]     Leonard is a licensed attorney representing himself and co-Plaintiff Sang L. Leonard.

defenses. On April 2, 2014, Plaintiffs moved to amend their complaint. Plaintiffs seek to add the assertion that Defendants lack authority to foreclose because they failed to seek judicial foreclosure as a compulsory counterclaim in either of Plaintiffs' prior lawsuits.

Where, as here, a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after the scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

(quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

Plaintiffs' only explanation for the failure to amend their answer and affirmative defenses prior to the deadline is that Leonard "inadvertently" noted on his calendar that the deadline was March 24, 2014. Plaintiffs state also that they "inadvertently" failed to seek to amend their complaint at the same time they moved to amend their answer and affirmative defenses. Mere inadvertence, without more, is insufficient to constitute good cause under Rule 16. *See Klein v. Fed. Ins. Co.*, ___ F. Supp. 2d ___, 2014 WL 239652, *4 (N.D. Tex. 2014); *see also Delgado v. City of El Campo*, 68 F.3d 471, *2 (5th Cir. Sept. 20, 1995) (citing *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 654 (5th Cir. 1984) (holding that it is not an abuse of discretion to deny a Rule 39(b) motion where failure to make timely jury demand is the result of mere inadvertence). Inadvertence coupled with the lack of prejudice to the non-movant are also insufficient to establish good cause. *See Manley v. Invesco*, 2012 WL 2994402, *2 (S.D. Tex. July 20, 2012). Instead, Plaintiffs must show that despite their diligence, they could not reasonably have moved to amend prior to the deadline. *See Spear Marketing, Inc. v. BankcorpSouth Bank*, 2013 WL 2077032, *1 (N.D. Tex. Aug. 12, 2013). In this case, the only explanation offered by Plaintiffs is Leonard's failure to calendar the deadline properly. This scheduling mistake "is not

the type of satisfactory explanation for which relief may be granted." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (failure to designate expert witness prior to deadline).

Plaintiffs have failed also to demonstrate that the proposed amendments are important. The proposed amendments, based on Plaintiffs' position that any attempt to foreclose is barred because no request for judicial foreclosure was filed as a compulsory counterclaim in the prior lawsuits, would be futile. Under Texas law, a lender's collection claims are not compulsory counterclaims in a lawsuit filed by the debtor.[2] *See Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1993); *Thurman v. FDIC*, 889 F.2d 1441, 1445 (5th Cir. 1989); *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App. – Waco 1971, writ ref'd n.r.e.).

Defendants would be prejudiced by having to expend time and financial resources filing dispositive motions addressing the new claim in the proposed amended complaint and the new affirmative defense in the proposed amended answer. This prejudice would not be cured by a continuance.

---

[2] As noted above, the first lawsuit was non-suited by Plaintiffs, and the second lawsuit was dismissed for want of prosecution. Neither of Plaintiffs' two prior lawsuits resulted in a final decision on the merits.

Because Plaintiffs have failed to demonstrate good cause under Rule 16 for allowing them to amend their complaint and their answer and affirmative defenses after the deadline for amendments to pleadings, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File Their First Amended Answer and Affirmative Defenses [Doc. # 16] and Motion for Leave to File Their First Amended Complaint [Doc. # 18] are **DENIED**.

SIGNED at Houston, Texas, this 2nd day of **May, 2014.**

_____
Nancy F. Atlas
United States District Judge