IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY L. LEONARD, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-3019 |
| § | |
| OCWEN LOAN SERVICING, LLC, § | |
| *et al.*, § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This foreclosure case is before the Court on cross-motions for summary judgment. Plaintiffs Gary L. Leonard and Sang L. Leonard ("Plaintiffs") have filed a Motion for Summary Judgment [Doc. # 23] ("Plaintiffs' Motion"), to which Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Co., as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-through Certificates, Series 2007-NC1 ("Deutsche Bank," and together with Ocwen, "Defendants") filed a Response [Doc. # 28]. Defendants filed a Motion for Final Summary Judgment [Doc. # 24] ("Defendants' Motion"), to which Plaintiffs filed a Response [Doc. # 27].[1]  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **denies** Plaintiffs'

---

[1] Neither party filed a reply.

Motion for Summary Judgment and **grants in part** and **denies as moot in part** Defendants' Motion for Summary Judgment. This case is dismissed with prejudice.

## I.  BACKGROUND

On September 20, 2006, Plaintiffs obtained a $224,000 mortgage from New Century Mortgage Corporation ("New Century") on a home located at 6414 Pinewood Trace Lane, Houston, Texas 77041 (the "Property"). *See* Texas Home Equity Note [Doc. # 24-2], at ECF pages 7–10 ("Note"). Plaintiffs executed a promissory note (the "Note") securing the Property in favor of New Century. *Id*. Plaintiffs also executed a security instrument (the "Security Instrument") to secure payment on the Note. *See* Texas Home Equity Security Instrument [Doc. # 24-2], at ECF pages 11–28. The Security Instrument named Mortgage Electronic Registration Systems ("MERS") as New Century's nominee. *See id.* at ECF page 12. The Security Instrument was later assigned to Deutsche Bank.[2] Saxon Mortgage Services, Inc. ("Saxon"), and later Ocwen, serviced the Note on behalf of Defendant Deutsche Bank during the default period. Service was transferred from Saxon to Ocwen on April 16, 2010. Upcoming Change to Loan Servicing [Doc. # 28-16], at 1.

---

[2]  The date of transfer is unclear from the record, but it appears that Deutsche Bank held the Note at all times relevant to this lawsuit. Flannigan Affidavit [Doc. # 24-2], at ECF pages 2–4. The exact date of transfer does not affect the outcome of the case.

Plaintiffs defaulted on the Note due to their failure to make payment on October 1, 2008, or any time thereafter. Flannigan Affidavit [Doc. # 24-2], at ECF page 2, ¶ 5. Saxon sent a notice of default and intent to accelerate letter on November 24, 2009, followed by a notice of acceleration on March 27, 2009. Saxon Intent to Accelerate [Doc. # 24-3], at ECF pages 11–12; Saxon Notice of Acceleration [Doc. # 24-4], at ECF pages 1–2. When Ocwen took over as loan servicer, it sent Plaintiffs account statements for the past due amounts owed in April, May, and August of 2010. Account Statements [Doc. # 28-14], at 1–3. Ocwen later sent a notice of default and intent to accelerate letter on August 4, 2010, followed by a notice of acceleration on September 8, 2010. Ocwen Intent to Accelerate [Doc. # 24-4], at ECF pages 3–4; Ocwen Notice of Acceleration [Doc. # 24-4], at ECF pages 7–8.

Plaintiffs filed this lawsuit on September 13, 2013, seeking a declaratory judgment that Defendants are precluded from foreclosing on the Property.[3] Defendants removed to this Court.

This is the third lawsuit Plaintiffs have filed seeking to avoid foreclosure, and the fifth lawsuit between Plaintiffs and Deutsche Bank's various loan servicers

---

[3] Because Plaintiff Gary Leonard is an attorney, the Court does not construe his pleadings with the same leniency typically afforded *pro se* litigants. *See Barnes v. Madison*, 79 F. App'x 691, 696 n. 4 (5th Cir. 2003); *Phillips v. Travelers Cas. & Sur. Co. of Am.*, No. H-12-16, 2012 WL 3779294, at *2 n.1 (S.D. Tex. Aug. 30, 2012) (Miller, J.).

regarding foreclosure on the Property. The first action was commenced by Saxon seeking an order to proceed with foreclosure on September 24, 2009. Application Seeking an Order to Proceed with Foreclosure [Doc. # 24-5], at 1. In response, on December 2, 2009, Plaintiffs filed a petition in a separate lawsuit contesting Saxon's standing to foreclose. *See* Original Petition Contesting the Right to Foreclose [Doc. # 24-6]. On April 21, 2010, Saxon's lawsuit was dismissed for want of prosecution. *See Saxon Mortgage Servs. Inc. v. Gary L. Leonard*, Cause No. 2009-61528 (333rd Dist. Ct., Harris County, Tex. Apr. 21, 2010), *available at* http://www.hcdistrictclerk.com/edocs/public/search.aspx.

On September 29, 2010, Ocwen filed a new case seeking permission to foreclose. Application for Order Permitting Foreclosure [Doc. # 24-8], at 1-3. On November 5, 2010, Plaintiffs sued Defendants in separate lawsuit to prevent foreclosure. *See* Original Petition Contesting the Right to Foreclose [Doc. # 24-9].

On March 30, 2011, Plaintiffs nonsuited their 2009 lawsuit against Saxon without prejudice. *See* Order on Plaintiffs' Non-Suit [Doc. # 24-7], at 1. On August 29, 2011, Plaintiffs' 2010 lawsuit against Defendants was dismissed without prejudice for failure to prosecute. Order of Dismissal [Doc. # 24-11], at 1. Finally, on December 11, 2012, Ocwen's lawsuit against Defendants was dismissed for want of prosecution. *See Ocwen Loan Servicing LLC v. Gary L. Leonard*, Cause No. 2010-

64235 (11th Dist. Ct., Harris County, Tex. Dec. 11, 2012), *available at* http://www.hcdistrictclerk.com/edocs/public/search.aspx.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Jackson v. Epps*, 519 F. App'x 261 (5th Cir. Apr. 30, 2013).

The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)); *Spencer v. U.S.*, 463 F. App'x 368, 370 (5th Cir. Mar. 2, 2012).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412–413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated

assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id*. (citing *Reaves Brokerage*, 336 F.3d at 413).

## III. ANALYSIS

### A. Statute of Limitations

In their sole claim against Defendants, Plaintiffs seek a declaratory judgment that their obligations under the Note and Security Instrument are released because Defendants failed to foreclose on the Property within four years of accelerating collection of the Note. Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). When this four-year period expires, "the real-property lien and the power of sale to enforce the lien become void." TEX. CIV. PRAC. & REM. CODE § 16.035(d); *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). If the noteholder has the option to accelerate, then the date of accrual is the date that the holder exercises the option. *Khan*, 371 S.W.3d at 353. (citing *Holy Cross*, 44 S.W.3d at 566); *Post Oak Lane Townhome Owners Ass'n v. Bank of N.Y. Mellon*, 2013 WL 4459064, at *2 (S.D. Tex.

Aug. 16, 2013) (Miller, J.). "While accrual is a legal question, whether a holder has accelerated a note is a fact question." *Holy Cross*, 44 S.W.3d at 568.

Abandoning acceleration before the limitations period expires restores the contract to its original condition, including the note's original maturity date. *Khan*, 371 S.W.3d at 353; *Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013) (Costa, J.). Thus, if a noteholder abandons acceleration, he no longer must foreclose within four years from the date of acceleration.

Texas courts and courts in this Circuit have held that "the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Khan*, 371 S.W.3d at 356 (*citing San Antonio Real–Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901)); *see also, e.g.*, *In re Rosas*, 2014 WL 1779437, at *10 (Bankr. W.D. Tex. May 5, 2014); *Clawson*, 2013 WL 194812, at *3; *Santibanez v. Saxon Mortg. Inc.*, 2012 WL 3639814, at *2 (Tex. App.–Eastland Aug. 23, 2012, no pet.); *cf. Denbina v. City of Hurst*, 516 S.W.3d 460, 463 (Tex. App.–Tyler 1974, no writ) (noting that "the City had a right to withdraw or revoke its option to accelerate payment, and effectively expressed its intent to do so by taking a non-suit"). Joint action of the parties is not required to abandon the acceleration.

Rather, a party may abandon the acceleration unilaterally through its own actions.[4] *See Clawson*, 2013 WL 1948128, at *4 (citing cases for the proposition that "a note holder may abandon acceleration "without express agreement from the borrower," and holding that lender abandoned acceleration when it filed a notice of rescission); *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 749–50 (W.D. Tex. 2013) (holding that unilateral notices of rescission were sufficient to abandon acceleration); *Holy Cross*, 44 S.W.3d at 566-67 (stating that a noteholder can abandon acceleration "if the holder continues to accept payments without exacting any remedies available to it upon declared maturity").

Saxon first accelerated the Note on March 27, 2009. Acceleration Letter [Doc. # 23-5], at 1. The parties disagree on whether Ocwen, as the new mortgage servicer for Deutsche Bank, abandoned Saxon's acceleration. Plaintiffs contend that they are entitled to summary judgment because Defendants never abandoned the acceleration

---

[4] The Court recognizes that an early Texas Supreme Court case, *San Antonio Real Estate Building & Loan Association v. Stewart*, 61 S.W.3d 386 (Tex. 1901), suggests that "neither party by his separate action or nonaction [may] impair the rights of the other," *id.*, at 388-89. *Stewart*, however, is inapposite on the facts presented. As Judge Costa stated in *Clawson*, "*Stewart* was premised on the situation in which the failure to pay an installment *ipso facto* gives rise to the cause of action upon the whole debt; the opinion explicitly distinguishes situations, like the present, in which the contract is regarded as only giving to the creditor the right of election." *Clawson*, 2013 Wl 1948128, at *4 (citing *Stewart*, 61 S.W.3d at 388).

and because the limitations period expired as a matter of law on March 27, 2013. Plaintiffs' Motion [Doc. # 23], at 11.

In contrast, Defendants claim they abandoned the acceleration and gave notice of abandonment by sending account statements to Plaintiffs in April 2010 requesting less than the full balance and, later, by sending Plaintiffs a second intent to accelerate letter. Defendants' Motion [Doc. # 24-1], at 18–19; Defendants' Response [Doc. # 28], at 9-10.[5] The account statements, dated April 21, 2010, May 17, 2010, and August 17, 2010, list amounts then due ranging from $52,141.40 to $64,287.50. Account Statements [Doc. # 28-14], at 1-3. The account statements also reflected that the total principal balance owed was $220,277.20, plus $19,283.35 in escrow deposits. *See id.* When Ocwen accelerated the maturity of the Note, they demanded that Plaintiffs pay $379,471.34 by June 26, 2014. Payoff Quote [Doc. # 24-4], at ECF page 9. Moreover, Defendants' second intent to accelerate letter, dated August 4, 2010, states that Plaintiffs' default may be cured by payment only of the past due sums owed under the Note. Notice of Default and Intent to Accelerate [Doc. # 24-4], at ECF pages 5-6. Defendants argue these actions were sufficiently clear to abandon the 2009 acceleration.

---

[5] Defendants issued a new notice of acceleration on September 8, 2010. Notice of Acceleration [Doc. # 24-4], at ECF pages 7–8.

The Court concludes that there is no genuine issue of material fact that Defendants, through their actions, abandoned Saxon's previous acceleration of the debt. The account statements from Ocwen, Deutsche Bank's new loan servicer, stated expressly on three occasions that sums far less than the full debt were due, and thus put Plaintiffs on notice that Deutsche Bank and Saxon were no longer seeking to collect the full balance of the Note. The second intent to accelerate letter, sent by Ocwen on August 4, 2010, plainly reported to Plaintiffs the status of the Note and the sums owed, and stated that "[d]emand is made for payment of all past due sums owed under the Note." *Id.*, at ECF page 5.

Plaintiffs characterize the Ocwen account statements and intent to accelerate letter as part of a "discussion" between the parties about alternatives to foreclosure, and not as abandonment of the prior acceleration. Plaintiffs' Motion [Doc. # 23], at 22-23. Plaintiffs further assert that any proposed discussions to cure their default were "disingenuous" because Defendants rejected Plaintiffs' requests for a loan modification or short sale. *Id.,* at 23-24. The Court is unpersuaded. The uncontroverted evidence, viewed most favorably to Plaintiffs, cannot reasonably be interpreted as a "discussion" between the parties. Defendants' April, May, and August 2010 communications were one-sided and gave clear notice to Plaintiffs that only a portion of the outstanding debt was due. Plaintiffs have pointed to no

probative evidence indicating that the parties were merely "discussing" alternatives to foreclosure and that Defendants expressed the intent to continue their acceleration of the debt. To the contrary, Defendants communicated explicitly to Plaintiffs the intent to seek less than the accelerated amount of the full default. Whether Defendants' communications to Plaintiffs were "disingenuous" is irrelevant.

Plaintiffs also contend an agreement or other action from *both* parties is required to abandon acceleration.[6] Plaintiffs' Motion [Doc. # 23], at 20–22. As the Court stated above, lenders may unilaterally abandon an acceleration in certain instances such as those present in this case. *See Clawson*, 2013 WL 1948128, at *4; *DTND*, 958 F. Supp. 2d at 738. No agreement by Plaintiffs was necessary for Defendants to abandon the acceleration.

Because Defendants properly abandoned acceleration of the debt in 2010 through their actions, the four-year limitations period under § 16.035(a) did not accrue on March 27, 2009. Any potential suit to foreclose on real property was not

---

[6] Plaintiffs cite *Murphy v. HSBC Bank USA*, 2014 WL 1653081 (S.D. Tex. Apr. 23, 2014), for the proposition that unilateral abandonment is not available to Defendants. The Court is unpersuaded that *Murphy* serves is persuasive guidance for the case at bar. The facts in *Murphy* are distinguishable. That court noted that the lender "ha[d] not acted in any way to show that it abandoned acceleration of the Note under statutory remedies available to it." *Murphy*, 2014 WL 1653081, at *10. In contrast, here, Ocwen sent Plaintiffs multiple documents communicating that only a portion of the debt was due and that acceleration of the full debt had been abandoned. The Court also notes that *Murphy* relied heavily on *Stewart*, *see id.*, at *9-10, which the Court distinguished above.

time barred when Plaintiffs commenced this suit. Accordingly, Plaintiffs' declaratory judgment claim is dismissed with prejudice.

### B. Defendants' Foreclosure Claim

Defendants moved for summary judgment on their counter claim seeking an order permitting them to foreclose on the Property, or, alternatively, for judicial foreclosure. Defendants' First Amended Counterclaims [Doc. # 9], at 5–6. Under the terms of the Security Instrument, if debtor defaults and "default is not cured on or before the date specified in the [acceleration] notice, Lender at its option may require immediate payment in full of all sums secured by [the] Security Instrument without further demand and may invoke the power of sale." Security Instrument [Doc. # 24-2], at ECF page 24.

The Court finds that Defendants should be permitted to foreclose on the Property. Plaintiffs defaulted under the Note due to their failure to make a mortgage payment on October 1, 2008, and have not made any payments for almost six years. Flannigan Affidavit [Doc. # 24-2], at ECF page 2, ¶ 5. Plaintiffs have nevertheless lived on the Property during that period. Ocwen gave Plaintiffs notice of their intent to accelerate and have accelerated the Note, and Plaintiffs never cured their default.

Plaintiffs offer no other valid defenses[7] preventing Defendants from foreclosing.[8] Accordingly, the Court grants Defendants summary judgment on their counterclaim and grants Defendants permission to foreclose on the Property.[9]

## IV.  CONCLUSION AND ORDER

For the reasons stated, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 23] is **DENIED**.  It is further

**ORDERED** that Plaintiffs' claim for declaratory relief is **DISMISSED with prejudice.**  It is further

---

[7]  Plaintiffs argue that Defendants' foreclosure claim should be precluded because Defendants should have asserted the claim as a compulsory counterclaim in an earlier case.  Plaintiffs' Response [Doc. # 27], at 20–21.  Plaintiffs failed to plead this affirmative defense in their Answer to Defendants' Counterclaim [Doc. # 10]. Moreover, the Court previously denied as untimely Plaintiffs' request to amend their Answer to the Counterclaim to assert this specific defense. *See* Memorandum and Order [Doc. # 21], at 2–5.  Accordingly, the Court deems Plaintiffs to have abandoned this defense.

[8]  The Court does not reach any issues relating to the foreclosure not asserted by the parties.

[9]  Defendants filed a second counterclaim seeking a declaratory judgment for equitable subrogation.  Defendants assert their second counterclaim only in the event the Court found that their foreclosure claim was barred by the statue of limitations.  *See* Defendants' Motion [Doc. # 24-1], at 23.  Because the Court rules in favor of Defendants on the limitations issue, their equitable subrogation claim is moot.

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 24] is **GRANTED in part** and **DENIED AS MOOT in part**.  It is further

**ORDERED** that Defendants are granted summary judgment and are permitted to foreclose on the Property.  It is further

**ORDERED** that the parties' Agreed Motion for Trial Continuance and Extension of Pretrial Deadline [Doc. # 29] is **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this <u>19th</u> day of **August, 2014**.

_____
Nancy F. Atlas
United States District Judge